**FILED**

**November 18, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:05 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Chris Hardin | ) Docket No. 2015-07-0067 |
| | ) |
| v. | ) |
| | ) State File No. 28439-2015 |
| Dewayne's Quality Metals | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

---

### Affirmed and Remanded – Filed November 18, 2015

---

In this interlocutory appeal, the employee alleges injuries to his hands and arms as a result of repetitive work on a production line. He sought both medical and temporary disability benefits for his injuries. The employer denied the claim, asserting that the injuries did not arise primarily out of the employment. Following an expedited hearing, the trial court found that the employee was entitled to a panel of physicians. Temporary disability benefits were denied. The employee has appealed. We affirm and remand the case for any further proceedings that may be necessary.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge Timothy W. Conner and Judge David F. Hensley joined.

Chris Hardin, Lexington, Tennessee, employee-appellant, pro se

Gordon Aulgur, Nolensville, Tennessee, for the employer-appellee, Dewayne's Quality Metals

**Factual and Procedural Background**

Chris Hardin ("Employee"), a fifty-four-year-old resident of Henderson County, Tennessee, worked for Dewayne's Quality Metals ("Employer") on its production line.[1] His duties included hanging and manipulating metal parts on a moving line. The work was repetitive in nature, and Employee developed pain in his hands and arms.

Employee was diagnosed with bilateral carpal tunnel syndrome and bilateral ulnar nerve neuropathy. Dr. Harold Antwine, an orthopedic surgeon, recommended a carpal tunnel release and an ulnar nerve transposition on Employee's right arm. Employee underwent the surgery on March 9, 2015. A few days before the surgery, Employee was granted medical leave by Employer and taken off work without pay. When his leave expired on June 2, 2015, he was terminated.

Although Employer initially provided a panel of physicians from which Employee selected a treating doctor, Employer denied the claim on the basis that the injuries did not arise primarily out of the employment. Employee subsequently filed a petition seeking medical and temporary disability benefits. After an expedited hearing, the trial court ordered Employer to provide a second panel of physicians or, in the alternative, provide the original panel anew.[2] The trial court denied temporary disability benefits, as well as the payment of outstanding medical bills. Employee has appealed.

**Analysis**

**A.**

This appeal suffers from two significant defects not uncommon in all types of appeals filed by self-represented litigants: an inadequate record and little or no meaningful argument concerning the factual or legal basis for the appeal. Either defect significantly hampers appellate review, but in combination effective review becomes impracticable. Such is the case here.

The first problem with this appeal is an inadequate record. Specifically, testimony was presented to the trial court at the expedited hearing, and the court relied on that testimony in deciding the case. However, we have been provided with no record of this testimony. Moreover, no statement of the evidence has been filed. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with

---

[1] Because a transcript of the expedited hearing or a statement of the evidence has not been provided, we have gleaned the facts from the pleadings and the trial court's expedited hearing order.

[2] Employer does not challenge the trial court's decision requiring it to provide a second panel of physicians. Thus, we need not address the issue.

2

established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

The second obstacle to appellate review in this case is silence by the appellant regarding the basis for the appeal. Specifically, in his notice of appeal, Employee failed to identify any issues for review. Further, he has not filed a brief or position statement identifying any issues for review, making any argument, or otherwise explaining how the trial court erred in resolving the issues raised at the expedited hearing. Thus, we have no way of knowing the nature of his contentions on appeal.

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as his counsel. The law clearly prohibits us from doing so, as appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to conduct an "archaeological dig" into the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

**B.**

In its analysis of the case, the trial court stated that "[w]hen an employee reports an injury, Tennessee law requires an employer to provide 'free of charge to the employee such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter.' Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014)." The trial court also stated that "having reported an injury, [Employee] is entitled to evaluation of same." We disagree with these statements, as mere notice of an alleged workplace accident, in and of itself, is insufficient to trigger an employer's duty to provide medical benefits pursuant to section 50-6-204 regardless of the circumstances presented. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *10-13 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

First, the statute cited by the trial court, Tennessee Code Annotated section 50-6-204(a)(1)(A), contains no language mandating that an employer provide a panel of

3

physicians merely because an employee provides notice of an injury. Instead, the statute requires that an employer furnish medical treatment "made reasonably necessary by accident *as defined in this chapter*." Tenn. Code Ann. § 50-6-204(a)(1)(A) (emphasis added). Tennessee Code Annotated section 50-6-102(14)(A) (2015), which defines whether an injury is "accidental," specifies that an injury by accident must arise "primarily out of and in the course and scope of employment" and must be "identifiable by time and place of occurrence." Therefore, on its face, the statute limits an employer's duty to provide medical benefits to instances where the employee sustained an injury by accident as defined in the statute.

Second, employers have an opportunity to conduct an investigation after receiving notice of a claim in order to "verify accident details" and "make [a] preliminary compensatory determination." Tenn. Comp. R. & Regs. 800-2-14-.04(2), (4) (1999). Decisions concerning workers' compensation coverage and compensability must "be made within fifteen (15) days of verbal or written notice of [the] accident." Tenn. Comp. R. & Regs. 0800-2-14-.04(7) (1999). These rules contemplate that an employer has a period of time following notice of a work accident to investigate a claim and make a decision on compensability. It follows that "mere notice of an alleged workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, without regard to the particular circumstances presented." *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS at *13. A contrary approach "would require an employer to provide medical benefits without regard to the particular circumstances of the case and regardless of any defenses to the claim, effectively making these rules superfluous. Moreover, an inflexible approach mandating that an employer provide medical benefits as a matter of course ignores the fact that every case is different and should be evaluated on its own merits." *Id.* at *12.

In light of the foregoing analysis, we reiterate that mere notice of an injury does not automatically entitle a claimant to a panel of physicians regardless of the facts and circumstances presented. Any such error in the trial court's analysis in this case, however, is harmless.

## Conclusion

The trial court's decision is affirmed. The case is remanded for any further proceedings that may be necessary.

Marshall L. Davidson, III
Presiding Judge
Workers' Compensation Appeals Board

4



FILED

November 18, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:05 A.M.

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Chris Hardin | ) | Docket No. 2015-07-0067 |
| | ) | |
| v. | ) | |
| | ) | State File No. 28439-2015 |
| Dewayne's Quality Metals | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of November, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Chris Hardin | X | X | | | | 110 Rose Lawn Dr., Lexington, TN 38351 |
| Gordon Aulgur | | | | | X | Gordon.aulgar@accidentfund.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov